**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123127
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Graylock, | |
| Plaintiff, | Case No: |
| v. | **COMPLAINT** |
| Exactly Right Media, Inc., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Jennifer Graylock ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Exactly Right Media, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account with the name of "My Favorite Murder" on Twitter ("*Account 1*").

4. Defendant owns and operates a social media account with the name

of "Exactly Right" on Twitter ("*Account 2*")

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on Account 1 and on Account 2 (collectively "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Jennifer Graylock is an individual who is a citizen of the State of Florida and maintains a principal place of business at 3321 Sunsent Key Circle Apt. 309, Punta Gorda in Charlotte County, Florida.

7. Upon information and belief, Defendant Exactly Right Media, Inc., is a California corporation with a principal place of business at 1800 North Vine Street, Los Angeles in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Exactly Right Media, Inc. because it maintains its principal place of business in California.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Exactly Right Media, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from

the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. Account 1 is associated with Defendant.

16. Defendant has exclusive access to post content on Account 1.

17. Defendant uses Account 1 to promote its productions by which it financially benefits.

18. Account 2 is associated with Defendant.

19. Defendant has exclusive access to post content on Account 2.

20. Defendant uses Account 2 to promote its productions by which it financially benefits.

21. On February 2, 2003, Plaintiff Jennifer Graylock authored a photograph of hotelier Leona Helmsley holding her dog "Trouble" (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

22. Plaintiff applied to the USCO to register the Photograph on or about April 4, 2019 under Application No. 1-7571627531.

23. The Photograph was registered by the USCO on April 4, 2019 under Registration No. VA 2-148-769.

24. On July 16, 2021 Plaintiff observed the Photograph on Account 1 in a post dated December 9, 2020. A copy of the screengrab of Account 1 including the Photograph is attached hereto collectively as Exhibit 2.

25. A copy of the Photograph was displayed on Account 1 at www.instagram.com at the following URL: https://twitter.com/MyFavMurder/status/1336808343642415104 (*Exhibit 2- Infringement #1*).

26. Plaintiff further observed the Photograph on Account 2 in a post

dated December 8, 2020. A copy of the screengrab of Account 2 including the Photograph is attached hereto collectively as Exhibit 2.

27. A copy of the Photograph was displayed on Account 2 at www.instagram.com at the following URL: https://twitter.com/ExactlyRight/status/1336369613576175616 (*Exhibit 2-Infringement #2*).

28. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff's copyright protected Photograph as are set forth in Exhibit "1" on the Accounts.

29. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the *"Infringement"* and collectively the *"Infringements"*).

30. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

31. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Accounts.

32. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

33. Upon information and belief, the Photograph was willfully and volitionally posted to the Accounts by Defendant.

34. Upon information and belief, Defendant is not registered with the

United States Copyright Office pursuant to 17 U.S.C. §512.

35. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

36. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Accounts.

37. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

38. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

39. Upon information and belief, the Infringements increased traffic to the Accounts and by extension its productions, which, in turn, caused Defendant to realize an increase in the advertising revenues generated by its productions.

40. Upon information and belief, the Infringements also increased Defendant's merchandise sales as a result of the increased notoriety and/or popularity resulting from their use of Plaintiff's copyrighted material.

41. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Accounts.

42. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

44. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

45. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

47. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

48. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49. Defendant's reproduction of the Photograph and display of the Photograph on the Accounts constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

50. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

51. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

52. As a result of Defendant's violations of Title 17 of the U.S. Code,

Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

53. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: October 18, 2021

**SANDERS LAW GROUP**

By: __/s/ Craig B. Sanders__
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123127

*Attorneys for Plaintiff*